Statard, J.
after stating the case, said—The decree of the superior court denies the appellant any relief for the deficiency; and the question is, was this decree correct ?
The land was offered by the acre, and was purchased at so much per acre. Upon such a sale and purchase, without any stipulation as to allowance for deficiency in the supposed or estimated quantity, it is, I think, not *16 to be questioned, that the general principles of law would have entitled the purchaser to an abatement from the purchase money for a material deficiency in quantity; the claim therefor being ascertained and asserted, within a reasonable time.
Does the special stipulation in this case deprive the purchaser of the protection, to which on general principles of law and equity governing contracts of sales and purchases by the acre, he would be entitled.
According to one interpretation of the written terms of sale, and that which is insisted on by the appellee, the right to any allowance for deficiency is entirely conditional ; and did not ensue, but on the strict performance of that condition. And the condition, according to the same interpretation, was a survey on notice within twelve months from the sale.
If such were the explicit stipulations, and they strengthened by express negation of all right to allowance for deficiency, unless that was ascertained by a survey on notice within twelve months, it would not, in my opinion, necessarily follow that a failure to have a survey on notice within twelve months would destroy all title in law or equity to allowance for a deficiency. The sale and purchase having been by the acre, the right to such allowance was by principles of law and equity inherent therein; and special stipulations to modify this inherent quality of such a contract, and destroy it on events which may furnish no measure whatever of loss on the one side or gain on the other from their occurrence, take the tone of, and should, unless under very special circumstances, be treated as penalties, and relievable in a court of equity. In this case no loss on the one side or gain on the other, is even suggested as the consequence of the failure of a literal compliance in giving notice of the survey that in this case was actually made within twelve months: and therefore were it conceded that the appellee’s interpretation of the writ *17 ten terms of sale is correct; I think in equity, the effect thereof on the appellant’s title to allowance for the deficiency should be considered as a forfeiture, and would he relievable in equity.
But I think the appellee’s interpretation of the terms of sale is too strict and literal. By these terms the notice of the survey is not made indispensable to the title to the allowance. The survey is to be made within twelve months, and if not so made, the title to the allowance for deficiency would be in strictness lost or forfeited. The secondary provision as to notice of the survey, makes that the condition, not of title to any allowance for deficiency, but the condition on which the survey should ascertain and liquidate the amount of that right, and give a peremptory title to the liquidated credit on the bonds. The only consequence of not giving notice of the survey, is to deny the survey any binding obligation on the vendor; and the purchaser had no right to any precisely ascertained credit on his bonds, until the deficiency was ascertained by a survey, of which both parties had notice.
My opinion is that the decree be reversed; the injunction reinstated, and the cause remanded, with instructions to direct a survey of the land, to ascertain its quantity; and should there he a deficiency to relieve the appellant by perpetuation of the injunction or otherwise, for an amount equal to the deficiency of the land, at the rate at which it was sold; that amount being applied in moieties, as credits against the principal of the two bonds given for the purchase money, or if the bonds should have been paid, by decreeing the said moieties, with interest from the maturity of the bonds respectively, to be paid by the party or parties that may appear responsible therefor.
The other judges concurred.